UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____       :
                                  :
JOHN WALLER and WANDA             :   Civil Action
KELLY-WALLER,                     :   No. 1:10-cv-06342 (NLH)
          Plaintiffs,             :
     v.                           :
                                  :   **OPINION**
FOULKE MANAGEMENT CORPORATION     :
   d/b/a CHERRY HILL DODGE AND    :
   CHERRY HILL TRIPLEX;           :
   CHRYLSER FINANCIAL,            :
          Defendants.             :
_____:

<u>APPEARANCES</u>:

Graham F. Baird, Esquire
Weisberg Law, P.C.
7 South Morton Ave.
Morton, PA 19070
*Attorney for Plaintiffs John Waller and Wanda Kelly-Waller*

Laura D. Ruccolo, Esquire
Capehart & Scatchard, PA
800 Midlantic Drive
Suite 300 S
Mt. Laurel, NJ 08054
*Attorney for Defendant Foulke Management Corporation d/b/a Cherry Hill Dodge and Cherry Hill Triplex*

**<u>HILLMAN, District Judge</u>**

Before the Court is plaintiffs' motion for reconsideration of the Court's Order dismissing defendant Foulke Management Corporation doing business as Cherry Hill Dodge and Cherry Hill Triplex ("Foulke Management") and compelling arbitration. For the reasons explained below, plaintiffs' motion will be denied.

In the District of New Jersey, Local Civil Rule 7.1(i)

governs motions for reconsideration.[1]  <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Pursuant to Rule 7.1(i), "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge" and a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked."  The standard for reargument is high and reconsideration is to be granted only sparingly.  <u>See</u> <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677

---

[1] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v. Compaction Sys. Corp.</u>, 88 F.Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id</u>.  For the same reasons that plaintiff's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules.  <u>See</u> <u>Holsworth v. Berg</u>, 322 Fed.Appx. 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.").

(3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999); see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J. 2001)(citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  Bowers, 130 F.Supp.2d at 612-13; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 n. 3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989).

Moreover, a motion for reconsideration does not allow

parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998) (citation omitted).

Initially, plaintiffs argued that there was conflicting arbitration language between the retail installment contract ("RIC") and the spot delivery agreement. In its Opinion, the Court noted that language cited by plaintiffs as conflicting did not appear in either agreement. The Court presumed that plaintiffs intended to compare the RIC with the arbitration agreement, not the spot delivery agreement, and therefore, proceeded with such a comparison. The Court found that although

4

the two agreements contained conflicting provisions, it did not create such ambiguity as to render the arbitration agreement unclear.  The Court distinguished this case from <u>Rockel v. Cherry Hill Dodge</u>, 847 A.2d 621, 623 (N.J.Super. 2004), because, unlike in <u>Rockel</u>, the plaintiffs in this case signed a separate arbitration agreement which superseded the RIC and covered any statutory claims including claims brought pursuant to the N.J. Consumer Fraud Act.

     Plaintiffs in their motion for reconsideration acknowledge that they inadvertently misstated the arbitration agreement's language, and state that in addition to the RIC and arbitration agreement, they also intended to cite to the "retail buyer order."  Plaintiffs, for the first time, reference and attach the retail buyer order to their motion for reconsideration.  As such, the retail buyer constitutes new evidence and plaintiff must show the evidence was unavailable or unknown at the time the motion to dismiss was pending.  <u>See</u> <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011) (ruling that new evidence in the context of a motion for reconsideration means "evidence that a party could not earlier submit to the court because that evidence was not previously available.").  This requirement imposes a duty on the parties to properly put forth all material evidence in a timely fashion so as not to waste the resources of the Court or the opposing party.

Plaintiffs makes no argument that the retail buyer order was unavailable or unknown at the time that the motion to dismiss was pending. Rather, plaintiffs argue that they "inadvertently misstated" the arbitration agreement's language; that they "mislabled" a provision in the RIC; and that they "failed to attach" a copy of the retail buyer order. The failure of a party to present evidence in a correct and timely manner is not grounds for a motion for reconsideration. See Martsolf v. Brown, No. 11-1475, 2012 WL 32336, at * 2 (3d Cir. 2012) ("A district court does not abuse its discretion when it declines to grant reconsideration based on new evidence that a party inexcusably failed to produce before the matter was decided.") (citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)). Therefore, the Court will deny plaintiffs' motion for reconsideration on grounds that the retail buyer order was not new evidence that was previously unavailable.

Even if the Court were to consider the retail buyer order, the outcome would not be different. In their motion for reconsideration, plaintiffs rely on the recent case of NAACP of Camden County East v. Foulke Management Corp., 421 N.J.Super. 404, 24 A.3d 777 (N.J.Super.A.D. Aug 2, 2011), cert. granted, NAACP of Camden County East v. Foulke Management Corp., 209 N.J.

6

96, 35 A.3d 679 (N.J. Dec. 8, 2011).[2]  In NAACP, the court found the disparate arbitration provisions to be "too confusing, too vague, and too inconsistent to be enforced." Id. at 410.  Some of the forms considered by the court in NAACP are the same or similar to the forms in this case as the defendant is the same in both cases.  In particular, the RIC and the arbitration agreement appear to have similar language regarding the arbitration provisions.  However, there is one important document in the NAACP case that is not present in this case.  In NAACP, the court compared the RIC, arbitration agreement, and a third document, an addendum to the RIC which provided "gap" insurance designed to cover the difference between what the vehicle is worth at the time of a total loss and what the buyer still may owe on the purchase (the "addendum").  Id. at 413.  The state court compared the three documents and found conflicting language among them, particularly with respect to what rules would apply, the venue, time within which to file a claim, who would bear the costs, and class waivers.  Id. at 431-38.  More importantly, the court noted

---

[2]  Since the NAACP case had not been decided at the time of plaintiffs' briefing, the Court will consider plaintiffs' arguments regarding its application to this case.  Conversely, plaintiffs arguments regarding Rockel v. Cherry Hill Dodge, 368 N.J.Super. 577, 847 A.2d 621 (App.Div. 2004) will not be considered again since that case was fully addressed in the Court's previous Opinion and plaintiff is not permitted to relitigate matters in a motion for reconsideration.  See G-69, 748 F.Supp. at 275.

that the arbitration agreement and the addendum both contained provisions stating each would take precedence over any other agreements in the event of a dispute. Id. at 434. This created confusion over what document was intended to supersede the others.

Here, although plaintiffs introduce a third document, the retail buyer order, that document contains one sentence that reads, "ANY DISPUTES BETWEEN CUSTOMER AND DEALER SHALL BE BROUGHT IN ARBITRATION IN THE STATE OF NEW JERSEY AND NEW JERSEY LAW SHALL APPLY" (all caps in original). Plaintiffs compared this sentence with the provision in the arbitration agreement that provides if the arbitrator fails to follow New Jersey law, then the award may be reversed by a court of competent jurisdiction. Plaintiffs also compared it with the provision in the RIC that provides if disputes are arbitrated, then the parties give up the right to a jury trial and that discovery is more limited.

First, as stated in the Court's earlier Opinion, the arbitration agreement expressly supersedes the RIC. Unlike in NAACP where the addendum also had a superseding clause, the retail buyer order has no such provision. Second, the one-sentence provision in the retail buyer order does not conflict with the arbitration provisions cited by plaintiff in the arbitration agreement, or for that matter, the RIC. In fact, the arbitration agreement also states that the "arbitration will take

place in the State of New Jersey," in Burlington County unless the parties agree to another location. Therefore, unlike the three documents in NAACP which created confusion over various terms, the documents here are consistent with one another on major terms with one document acting as the superseding and controlling master document. The provision in the arbitration agreement permitting an appeal if the arbitrators fail to follow New Jersey law is not a conflicting provision as to place of arbitration or any other term in the other documents.[3]

---

[3] Plaintiffs raise the new argument in their motion for reconsideration that this provision is ambiguous and "is a clause that no average consumer could possibly be expected to understand." This argument is rejected. First, a motion for reconsideration cannot be used to raise new arguments that the party failed to raise in the underlying motion. Bowers, 130 F.Supp.2d at 612-13. Second, plaintiffs provide no support for this assertion. A majority of the New Jersey Supreme Court approved such language in Tretina Printing, Inc. v. Fitzpatrick & Associates, Inc., 135 N.J. 349, 640 A.2d 788 (N.J. 1994) (finding that parties are free to expand the scope of judicial review by providing that "the arbitrators shall render their decision only in conformance with New Jersey law, and that such awards may be reversed either for mere errors of New Jersey law, substantial errors, or gross errors of New Jersey law... and go directly to the law courts."). We do not suggest that defendants could not have been more careful in drafting the various documents governing the transaction at issue here. They clearly could have been and probably should be in the future. We hold only that the documents would have left a reasonable reader on notice that they had agreed to arbitration in New Jersey, the application of New Jersey law, and the opportunity for limited judicial review as set forth in the superseding arbitration agreement. These facts distinguish both the NAACP and Rockel cases.

Accordingly, plaintiffs motion for reconsideration will be denied.  An appropriate Order shall accompany this Opinion.

                                                 s/Noel L. Hillman  
                                                NOEL L. HILLMAN, U.S.D.J

At Camden, New Jersey

Dated:   March 16, 2012